REESIDE *vs.* FISCHER.—June, 1828.

Upon a case stated, as upon a special verdict, the court are not at liberty to infer facts from the evidence therein, but the fact relied upon must be stated.

Where the defence relied upon, was that the goods replevied were in the custody of the law, and the parties stated a case which showed, that the goods replevied had been levied on, but was silent as to the time of seizure, or whether at the time of the replevin from the officer who had levied on them, they were in his hands under a *fieri facias*—*Held,* that this might be all true, and still the goods not in the custody of the law.

APPEAL from *Allegany* County Court. This was an action of replevin, brought on the 4th of March 1824, by the appellee against the appellant, and sundry goods and chattels were on the same day replevied by the sheriff out of the possession of the appellant, and delivered to the appellee. The appellant, (the defendant below,) pleaded, 1. *Non cepit.* 2. *Property in himself.* 3. *Justifies the taking,* &c. on the 21st of February 1824, as one of the regularly appointed deputies of the Marshal of the *Maryland* district, under and in virtue of a writ of *fieri facias* issued on the 18th of December 1823, on a judgment rendered in a district court of the *United States* for the *Maryland* district, on, &c. in favour of the *United States* against a certain *Samuel Magill,* &c. 4. *Property in P. B.* Marshal of the *Maryland* district. 5. *Property in Samuel Magill.* Issue was joined to the *first* plea, and general replications and issues joined to the other pleas. The following statement of facts was agreed to by the parties: "It is admitted, that at the September term 1823, of the district court of the *United States* for the *Maryland* district, a judgment was rendered against *Samuel Magill,* in favour of the *United States of America,* for the sum of $535 10, and $23 50 costs. Upon which said judgment a writ of *fieri facias,* directed to the Marshal of the *Maryland* district, issued out of the district court of the *United States* for the *Maryland* district, on the 18th of December 1823, against the goods, &c. of the said *Samuel Magill,* returnable on the first Tuesday of March then following. That such *fieri facias* was by the defendant, a regularly appointed deputy of the said Marshal, duly and regularly levied upon the goods and chattels mentioned in the declaration in this cause, then being in the actual possession of

the said *Samuel Magill,* but claimed by the plaintiff under the bill of sale hereafter mentioned." [*The record of the judgment, fieri facias, &c. contains a schedule of the property seized under the fieri facias, dated the* 21st *of February* 1824.] "It is further admitted, that previously to obtaining the said judgment, or issuing or levying such *fieri facias* by the said marshal, to wit, on the 21st of August 1823, the said *Magill,* in consideration of the sum of $367 81, executed and delivered to the plaintiff in this cause a bill of sale, duly executed, acknowledged and recorded, according to law, including therein the goods and chattels for which this action was brought. If upon the foregoing statement of facts, the court shall be of opinion that the plaintiff is entitled to recover, then judgment to be entered for the plaintiff. If the court shall be of opinion on the statement of facts, that the plaintiff is not entitled to recover, then judgment to be entered for the defendant." The county court rendered judgment on the statement of facts for the plaintiff. From which judgment the defendant appealed to this court.

The cause was argued before BUCHANAN, Ch. J. and EARLE, STEPHEN, and ARCHER, J.

*Meredith,* for the Appellant, insisted that the goods replevied were in the custody of the law, having been taken by the appellant, (the defendant below,) as deputy marshal of the United States for the district of *Maryland,* upon a writ of *fieri facias* issued on a judgment rendered in the district court, and, therefore, could not be replevied out of his hands. He referred to *Cromwell, et al. v Owings,* 7 *Harr. & Johns.* 55.

*Taney,* (Attorney General,) for the Appellee. The property must be in the custody of the law *at the time* it is replevied out of the hands of the party. It is not stated, in the case stated, that the property was, when replevied, in the hands of the marshal, and taken by him under the writ of *fieri facias.* A case stated is analogous to a special verdict, where facts not expressly found, could not be inferred. He cited *Mahoney v Ashton,* 4 *Harr. & McHen.* 210, 213. 2 *Tidd's Pr.* 808, 809. An appeal or writ of error does not lie in *England* on a judg-

ment rendered on a case stated; and if not, do they lie in this state?

*Williams*, (District Attorney of the *U. S.)* in reply. It appears in the record that the property was seized under the *fieri facias* issued from the district court, on the 21st of February 1824. The writ of *fieri facias* was made returnable on the first Tuesday of March following. By law the marshal must give 10 days notice previous to the sale. The writ of replevin was issued and executed on the 4th of March 1824, and as the 10 days notice had not then expired, the property must have, been in the custody of the law when the writ of replevin was executed. The decision in *Mahoney v Ashton* is clearly erroneous, and cannot be sanctioned by this court. He referred to *Jackson v Rightmyre*, 16 *Johns. Rep.* 314.

ARCHER, J. delivered the opinion of the Court. This case, it is supposed by the counsel for the appellant, is within the rule established in *Cromwell, et al. v Owings*, 7 *Harr. & Johns.* 55; because, as is contended by them, before the execution of the writ of replevin, the goods were seized by the deputy marshal of the *United States* for the district of *Maryland*, in virtue of a *fieri facias* issued from the district court, and were by said officer held under the execution until the replevin was executed.

This case is brought up upon a case stated, and, like a special verdict, we are not at liberty to infer facts from the evidence therein stated, but the facts relied upon must be stated. *Palmer v Johnson*, 2 *Wils.* 163. 2 *Tidd's Pr.* 808, 809.

That the goods replevied had been seized under a *fieri facias*, is apparent from the statement, but it is silent as to the time of seizure, or whether at the time of the replevin from the deputy marshal, the goods were in his hands under the *fieri facias*. This might be all true, and still the goods not in the custody of the law. He might have sold them, and the purchaser may have left them in his hands, or the execution may have been countermanded, and the property not in fact redelivered, so that it is by no means a necessary conclusion, as has been contended, that the goods were in *custodia legis*.

There appearing to be no objection in the record to the legal

title of the plaintiff, and as far as the statement shows, no legal impediment arising from the execution, the judgment of the court below must be affirmed.

JUDGMENT AFFIRMED.